### CÆSARIO BIAS et al. *v.* ELISHA Q. VANCE.

1. ATTACHMENT : SALE UNDER.—A sale of land under a judgment in attachment, on publication of notice, is void, unless it appear that the attachment was levied on the land;—the proceeding being *in rem*, a seizure of the land is essential to give this court jurisdiction.

2. SAME : JUDGMENT IN PERSONAM : SALE UNDER.—A judgment *in personam* rendered by default in a proceeding by attachment, upon a mere publication of notice, to a non-resident defendant, is void for want of jurisdiction over the person, and if under any circumstances a valid sale of property could be made thereunder, it would be absolutely essential to show that the property so sold was seized under the writ of attachment.

3. CHANCERY : WHEN BILL DISMISSED WITHOUT PREJUDICE.—When the validity of the proceedings under which the complainant claims title, is not directly attacked in the court below, if there be a probability that the defect can be supplied, this court will dismiss the bill without prejudice.

IN error from the District Chancery Court at Hernando. Hon. Henry Dickinson, vice-chancellor.

Vance, the defendant in error, filed his bill in the court below, to vacate certain sales of a tract of land under execution by the tax collector, and which he alleged constituted a cloud on his title.

The bill after deraigning the title from the government of the United States to the Farmers and Merchants Bank of Memphis,

Bias et al. *v.* Vance.

claims title in this complainant under that corporation, by virtue of a purchase by him, under an execution issued on a judgment rendered in attachment against them.    The allegation of the bill in reference to his title under the attachment proceedings, was as follows : " That the complainant purchased said land, at execution sale, from J. W. Dickson, the sheriff of De Soto county, sold by virtue of an execution issued on a judgment rendered in the Circuit Court of De Soto county, aforesaid, at ——— Term, 1848, in favor of complainant, against said Farmers and Merchants Bank of Memphis ; founded on process of attachment."

The judgment, a copy of which was made an exhibit to the bill, was rendered by default, upon due proof of publication against the defendant *in personam.*    The deed executed by the sheriff to complainant recited, " that the said J. W. Dickson, as sheriff, had levied on all of Section 24, T. 1, Range 8 west," (the lands in controversy,) " as the property of the Farmers and Merchants Bank of Memphis, by virtue of process of execution, and to satisfy the amount thereof, namely a *scire facias* writ of the Circuit Court of De Soto county," and that after due advertisement, he had sold the land to complainant.

The above was all the proof, in reference to the proceedings under the attachment.

The defendant in his answer, denied all knowledge of the complainant's title deeds, and denied his title, and required strict proof.

The vice-chancellor decided in favor of complainant, and the defendant sued out this writ of error.


*George L. Potter*, for plaintiffs in error,

Insisted that the complainant had shown no title ; that there was no levy of the attachment on the land either alleged in the bill or proven ; that a levy of the attachment was absolutely essential to give the court jurisdiction, as it was a proceeding *in rem ;* and that the judgment being *in personam*, and by default on publication of notice, was void.   He cited Hutch. Code, 807, § 25 ; *Ridley* v. *Ridley*, 2 Cushm. 656 ; *Hopkins* y. *Grissom*, 4 Cushm. 145.

*D. C. Glenn, contra.*

HANDY, J., delivered the opinion of the court.

This was a bill in equity filed by the defendant in error, against the plaintiffs in error, for the purpose of setting aside certain deeds under which Bias claims title to a tract of land, and which are derived immediately from a sheriff's sale under a judgment at law alleged to be fraudulent. The complainant's title to the land is in his behalf, upon attachment, against the Farmers and Merchants Bank of Memphis. The defendants deny generally the sufficiency of the complainant's title, and require proof thereof.

Several questions are raised by counsel upon incidental and material points connected with the merits of the case. But it is only necessary to consider a question which lies at the foundation of the complainant's right to recover; and that is, whether the proceedings and judgment under which he claims title were regular, and a sale under them passed the title of the bank.

The first objection on this point made by the plaintiffs in error is, that it does not appear by the pleadings or proofs in the case that the attachment, under which the complainant claims, was ever levied upon the lands in controversy. It was certainly necessary that such a seizure of the lands should have been made, because, the proceeding being *in rem*, that was essential to give jurisdiction over the subject-matter. Yet as the entire record of the suit is not a part of the record before us, and as the writ of attachment was not adduced as proof, and as no objection appears to have been made to the insufficiency of the proof on this point in the court below, we would be inclined to hold this objection insufficient if the proceedings were in other respects regular.

It is next objected, that the proof offered by the complainant, shows that the judgment was rendered by default on proof of publication against the non-resident defendant, and was a general judgment *in personam*, and not one of condemnation of the land alleged to have been attached.

This objection is well taken. As a general judgment *in personam*, it was void for want of jurisdiction of the person. It is not, in form, a judgment of condemnation of the property attached,

nor can it properly be said to have relation to the writ of attachment, and to the property attached thereby; for there was no proof of the existence of any such writ, or that it was levied upon the land in controversy. There is, therefore, nothing in this record to give the judgment the effect of a judgment of condemnation. The writ of execution under which the land was sold is insufficient for that purpose, if under any circumstances it could have such an effect; because it makes no reference whatever to the land having been attached in the proceeding from which the execution emanated.

Under such circumstances, we are constrained to hold that the foundation upon which the appellee's title rests is insufficient, as it appears in this record; and therefore the decree must be reversed, and the bill dismissed.

But as there is a strong probability that there was a writ of attachment, and that it was levied upon the lands in controversy, the bill will be dismissed without prejudice.

Decree reversed, and bill dismissed without prejudice.